USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/2/2022_

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

v.

BOARD OF TRUSTEES OF LOCAL 272
WELFARE FUND and LOCAL 272 WELFARE
FUND,

        Defendants.

---

Civil Action No. 22-cv-5292-AT

## CONSENT JUDGMENT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary") has filed a complaint in the above-captioned action against Local 272 Welfare Fund and the Board of Trustees of Local 272 Welfare Fund (together, "Defendants"), pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), including ERISA §§ 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2), (5). The complaint alleges violations of ERISA in connection with Defendants' administration of a group health benefit plan known as the Local 272 Welfare Fund (the "Plan"). Following extensive arms-length negotiations and discussions, the parties, through counsel, have negotiated this Consent Judgment to settle the claims in this action. Defendants now waive their answer, waive formal service of the summons and complaint, and while neither admitting nor denying the allegations in the Complaint, agree to the entry of this Consent Judgment. The parties agree that this Court has jurisdiction over the parties and this action, and is empowered to provide the relief herein.

It is now, upon the Secretary's motion and for cause shown, ORDERED that:

I.      PROSPECTIVE PLAN AMENDMENTS

I.A.    Defendants shall take all steps necessary to ensure that the Plan is amended effective no later than December 1, 2022, to eliminate the 90% cost-sharing (also referred to herein as 90% coinsurance) provisions from the Plan. The 90% cost-sharing provisions include any and all provisions in the Plan that impose on participants and beneficiaries (collectively, "participants") a 90% cost-sharing/coinsurance responsibility once the Plan has paid certain amounts for hospital and medical benefits (currently $125,000 annually) and prescription drug plan benefits (currently $5,000 annually).

I.B.    Defendants agree not to amend the Plan to institute a trigger amount that would require any participant to pay a higher copay or coinsurance percentage applicable to in-network claims based on the dollar value of claims that the Fund has previously paid, except in the event that a future change in federal law may allow the Plan to implement an annual limit. In the event Defendants intend to amend the Plan to institute such a trigger amount in reliance on a future change in federal law, Defendants shall notify EBSA in writing no fewer than 120 days before the proposed Plan amendment is scheduled to take effect. Notice shall be via e-mail to Licetti.thomas@dol.gov and via First Class Mail to: Regional Director, Employee Benefits Security Administration, 201 Varick Street, Room 746, New York, NY 10014.

I.C.    Subject to Paragraphs I.A and I.B, the parties understand and agree that nothing in this Consent Judgment shall prohibit the Plan from maintaining the co-pays and co-insurance amounts for medical, hospital, and prescription drug benefits as currently set forth at pages 32-34 and 66 of the Plan's March 1, 2019 Summary Plan Description, as those may be amended from time to time consistent with and in accordance with ERISA.

I.D.    The Parties also understand and agree that nothing in this Consent Judgment shall prohibit the Plan from imposing on participants higher or different cost-sharing or coinsurance provisions for out-of-network services, as compared to in-network services, to the extent consistent with the Plan and ERISA.

I.E.    The Plan shall furnish a summary of the modifications set forth in paragraph I.A above in accordance with 29 CFR § 2520.102-3.

## II.    RETROSPECTIVE RELIEF

II.A.1. Within thirty days of the effective date of the Plan amendment referenced in para. I.A. above, Defendants shall send Letter A (in the form on which the Parties have agreed) simultaneously by: (1) first class mail, and (2) certified mail to those participants or beneficiaries (collectively "participants") of the Plan at any time since January 1, 2019 through November 30, 2022, as to whom the Plan's records indicate the Plan paid amounts on the participant's behalf in excess of $125,000 in medical/hospital claims and/or in excess of $5,000 in pharmacy claims in any calendar year since January 1, 2019.  Defendants shall send the letter to the participants as the case may be at their last known address (or to the estates of deceased participants, if known to the Plan)[1], notifying participants of the possible availability of the retrospective relief detailed in this Section II.  Should the Plan have Actual Notice that any letter is not received by a participant, the Plan shall make the reasonable best efforts described in this paragraph within 30 days of such notice to identify and reach participants (including but not limited to e-mailing a copy of the letter, and phoning participants to ask for an updated mailing address [and thereafter sending a new copy

---

[1] All references to "participants" in Section II of this Consent Judgment shall be interpreted to include former participants' estates, where applicable.

by First Class Mail]). Actual Notice shall mean that a participant's letter is returned to the Plan by the U.S. Postal Service as "undeliverable" or "unclaimed."

II.A.2. In the event that a participant's letter is returned to the Plan by the U.S. Postal Service as "undeliverable," or "unclaimed," the Plan will determine if the participant is employed by a contributing employer and is a current participant in the Plan. If so, the Plan will mail Letter B (in the form on which the Parties have agreed) to the participant employee, care of the employer, requesting that the participant employee contact the Plan as soon as possible to update the participant's address. If the participant employee provides the Plan with an address in response to the Plan's letter, the Plan shall send Letter A by certified mail and by first class mail to that participant. This provision shall not apply to beneficiary letters returned as "undeliverable" or "unclaimed." Instead, for a beneficiary whose letter is returned to the Plan by the U.S. Postal Service as "undeliverable" or "unclaimed," the Plan will mail Letter C (in the form on which the Parties have agreed) to the participant who designated the beneficiary, requesting that that participant contact the Plan as soon as possible to update the beneficiary's address. If the participant provides the Plan with an address in response to the Plan's letter, the Plan shall send Letter A by certified mail and by first class mail to that beneficiary.

II.A.3. Participants (including beneficiaries) shall have up to 150 days from the date the Plan sends Letter A to contact the Plan to request relief hereunder.

II.B. For any participants who contact the Plan to seek review and retrospective relief in response to the letter, Defendants shall undertake a review of whether in any calendar year since January 1, 2019, the participant incurred any out-of-pocket costs as a result of the Plan provision imposing 90% cost-sharing responsibility on participants for payments in excess of $125,000 for medical/hospital claims or $5,000 in pharmacy claims. For any participants who incurred out-of-

pocket costs as a result of the Plan's 90% cost-sharing provision and for whom there is appropriate documentation of same submitted to the Plan in the time provided hereunder, the Plan shall reimburse participants in the amount of the out-of-pocket costs, including any fees, penalties, or interest incurred by the participant.

II.C. In determining whether a participant incurred out-of-pocket costs as a result of the Plan's 90% cost-sharing provision, the Plan may make reasonable requests of participants for corroborating documentation, provided that the Plan shall accept as conclusive any of the following, or any other appropriate documentation sufficient to show out-of-pocket costs (provided that the documentation is connected to a claim to which the 90% cost-sharing provision applied):

- evidence of payment of a provider's bill by the participant (or any interest, fees or penalties connected to the payment of the bill);
- evidence of payment by the participant to a collection agency on behalf of a provider (or any interest, fees, or penalties connected to the payment);
- evidence of a garnishment or lien against a participant arising from an unpaid provider bill; or
- evidence of court costs or allowed attorney's fees paid by a participant in a legal proceeding commenced due to the 90% cost-sharing provision.

In order to be entitled to any relief under this Section II, all documentation required herein shall be provided within 90 days of the participant's initial request to the Plan under Para. II.A above. The evidence referred to above shall be subject to the Plan's right to obtain confirmation from the provider, collections agency, court or private arbitral forum with knowledge of the payments, garnishment, lien, or court costs, including attorney's fees.

II.D For any participants who contact the Plan and satisfy the requirements in Para. II.C for retrospective relief provided herein, the Plan will undertake the following as applicable:

 a. to reimburse the participant for out-of-pocket costs as a result of the 90% cost-sharing provision. Defendants shall make best efforts to reimburse such participants within 90 days of the Plan's receipt of the documentation referenced in Para. II.C above; and/or

 b. to make reasonable best efforts to resolve any outstanding bill, collection, or collection action so that the participant does not incur any out-of-pocket costs as a result of the 90% cost-sharing provision (including out-of-pocket costs incurred as a result of interest, fees, costs, or penalties arising from collections or a collections action). Such efforts may include, without limitation, negotiating an agreement with the provider or collections agency for payment to the provider or collection agency for the services for which the 90% cost sharing was imposed on the participant, including obtaining a release of the participant for any liability for the bills at issue, inclusive of accrued interest, fees, and penalties. The Plan shall make best efforts to resolve any outstanding bills or collection actions within 90 days of the Plan's receipt of the documentation referenced in Para. II.C. above.

II.E. For any participant for whom the Plan provides retrospective relief pursuant to this Consent Judgment, the Plan shall notify in writing such participant of the opportunity to provide evidence of adverse information in the participant's credit report related to the bill resolved by the Plan and to request that Defendants notify each of the three major consumer reporting agencies of the resolution of this claim and attaching a copy of this Consent Judgment. Prior to providing notification to the consumer reporting agencies, Defendants may require that such participant provide written consent prior to Defendants providing such corrective notice to the consumer reporting agencies.

II.F.   Defendants shall provide written reports to the Secretary, through the U.S. Department of Labor's Employee Benefits Security Administration's New York Regional Office (using the same e-mail and mail contact information as in Paragraph I.B), including the following: (1) the identities of each participant who requested retrospective relief; and (2) a short statement of the reasons why each claim was granted, denied in part, denied in full, or remains pending. Defendants shall provide reports every six months during the two-year period following the entry of this Consent Judgment, with a supplemental report every three months thereafter as long as any retrospective relief claim remains unresolved with the Plan. Defendants will cooperate with the Secretary's reasonable requests for additional information regarding participants' requests to the Plan for retrospective relief and regarding the Plan's adjudication of those requests.

### III.   OTHER TERMS

III.A.   Defendants, jointly and separately, neither admit nor deny the allegations in Plaintiff's complaint and in executing this Consent Judgment neither not admit nor deny, and shall not be deemed to have admitted or denied liability to Plaintiff or any participant in connection with any allegations by Plaintiff in connection with the complaint.

III.B.   The parties agree that the Consent Judgment fully and finally resolves all claims alleged in Plaintiff's complaint or that Plaintiff could have been asserted based on the allegations in Plaintiff's complaint against Defendants in this matter.

III.C.   Defendants acknowledge that they have notice of and understand the provisions of this Consent Judgment; acknowledge their responsibilities pursuant to this Consent Judgment; and acknowledge that they may be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Consent Judgment.

III.D. Each party will bear its own fees and expenses in connection with any stage of this proceeding and any investigation incident thereto.

III.E. This Court shall retain jurisdiction over this matter for a period of one year following its acceptance of the Consent Judgment, for purposes of enforcing this Consent Judgment.

III.F. Each undersigned attorney expressly acknowledges and represents that they are authorized and empowered to enter into this Consent Judgment on behalf of the party represented.

SO ORDERED:

DATED: _____, 2022
New York, New York

_____
HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Judgment.

BOARD OF TRUSTEES OF LOCAL 272 WELFARE FUND

BY: *[signature]*

LOCAL 272 WELFARE FUND

BY: *[signature]*

*[signature]*
JANE LAUER BARKER, ESQ.
MARCELLE J. HENRY, ESQ.
Pitta LLP
120 Broadway, 28th Floor
New York, NY 10271
Phone: 212-652-3828
jbarker@pittalaw.com
mhenry@pittalaw.com

MATTHEW D. GRABELL, ESQ.
Ford Harrison
271 17th Street NW, Suite 1900
Atlanta, Georgia 30363
mgrabell@fordharrison.com

*Attorneys for Defendants*

SEEMA NANDA
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

BY: JASON GLICK  Digitally signed by JASON GLICK
Date: 2022.08.01 15:09:46 -04'00'

JASON E. GLICK
Senior Trial Attorney

U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
(646) 264-3687
(646) 264-3660 (fax)
glick.jason.e@dol.gov
ny-sol-ecf@dol.gov

*Attorneys for Plaintiff, Secretary of Labor*

SO ORDERED.

Dated: August 2, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge